**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.                                                       **NO. 29,147**

**AMANDA WARREN,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellant

Mark L. Pickett
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

The State argues the district court erred in granting Defendant's motion to dismiss for speedy trial violation. We issued a calendar notice proposing to affirm the district court on February 9, 2009. The State timely filed, after extension, a memorandum in opposition on March 23, 2009. We remain unpersuaded by the State's arguments and affirm the district court's dismissal.

In order to determine whether Defendant's constitutional right to a speedy trial was violated, we evaluate the following factors: (1) the length of delay; (2) the reason for the delay, (3) whether Defendant asserted his right to a speedy trial; and (4) the prejudice to Defendant. *See Zurla v. State*, 109 N.M. 640, 642, 789 P.2d 588, 590 (1990) (applying the four-factor test set out in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), to evaluate speedy trial issues). When reviewing a district court's decision on a motion to dismiss for speedy trial grounds, we give deference to the court's factual findings. *State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061. Weighing and balancing the Barker factors is a legal determination that we review de novo. *Id.*

**A.     Length of Delay**

"Initially, we determine whether the delay is presumptively prejudicial. If it is presumptively prejudicial, we balance the length of the delay against the remaining three factors to assess whether the constitution has been violated." *State v. Laney*, 2003-NMCA-144, ¶ 11, 134 N.M. 648, 81 P.3d 591. The length of the delay in this case was a little over approximately nine months, from February 1, 2008 until November 4, 2008. [MIO 2-3, 8] Neither the charges of aggravated DUI nor the evidence appear to have been complex. *See, e.g.*, *State v. Marquez,* 2001-NMCA-062, ¶ 12, 130 N.M. 651, 29 P.3d 1052 (reiterating DUI is generally considered a simple

case); *State v. LeFebre*, 2001-NMCA-009, ¶ 14, 130 N.M. 130, 19 P.3d 825 (noting that a case involving multiple charges arising from a single episode of driving while intoxicated was simple, for purposes of speedy trial analysis). In simple cases, a delay of nine months or more is presumptively prejudicial. *Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991).

The State correctly notes passing the presumptively prejudicial point does not necessarily mean the first factor of the *Barker* test will weigh against the State. [MIO 7] However, once the length of delay passes the presumptively prejudicial minimum, the State has the burden of persuasion that Defendant's speedy trial right was not violated. *Zurla,* 109 N.M. at 646, 789 P.2d at 594. The State has failed to meet that burden.

Moreover, the State's reliance on *Coffin* is misplaced. *State v. Coffin,* 1999-NMSC-038, ¶ 59, 128 N.M. 192, 991 P.2d 477. [Id.] While we acknowledge the *Coffin* court weighed a six-day delay past the fifteen-month presumptively prejudicial time-period "neutrally" against the parties, this was because *Coffin* was an "inherently complex" death penalty case. *Id.* The case at hand is not "inherently complex," and involves a shorter time period; a delay past nine months is therefore less justified. We agree that this minimal delay past the presumptively prejudicial mark only tilts slightly in favor of Defendant, but do not consider it neutral.

## B. Reason for Delay

Turning to the second *Barker* factor, we must allocate the reasons for the delay to each side and determine the weight attributable to each reason. *See State v. Plouse*, 2003-NMCA-048, ¶ 45, 133 N.M. 495, 64 P.3d 522. In this case, the district court specifically found none of the delay attributable to Defendant. [RP 96] We see no reason to disturb that finding.

The State argues the time between August 12, 2008, and November 4, 2008, should be weighed as neutral or against Defendant because Defendant brought a motion to dismiss. [MIO 8] It was the State, however, who requested the trial be moved to allow additional time for the State to respond. [DS 4] Moreover, the State failed to request a trial date within the permissible time period. While the State argues it should not be held accountable for this failure because in its jurisdiction "the [c]ourt has always set cases on its own without request from the State," [DS 6] we have repeatedly held it is primarily the responsibility of the State to bring a case to trial within a reasonable period of time. *Marquez,* 2001-NMCA-062, ¶ 8 (reiterating that the state has an absolute constitutional responsibility to bring defendants to trial in a timely manner)

We do not find the district court's findings unreasonable under the circumstances; the State does not appear to have been striving to bring this case to trial

and we decline to put that responsibility on Defendant. *See Zurla*, 109 N.M. at 643, 789 P.2d at 591 (observing that "bureaucratic indifference or failure to take reasonable means to bring a case to trial" weighs against the State). Moreover, more than two months of the delay appears to be from the State's decision to bring the case in magistrate court rather than proceeding directly to district court and obtaining a trial date. [RP 77; DS 2; MIO 1-2] We therefore agree with the district court that this factor weighs slightly against the State.

### iii. Defendant's Assertion of Speedy Trial

Though assertion of the right is not determinative, we give the adequacy and timeliness of a defendant's assertion strong evidentiary weight. *State v. Maddox,* 2008-NMSC-062, ¶ 28, 145 N.M. 242, 195 P.3d 1254. The State asserts Defendant's assertions of speedy trial were perfunctory and therefore should not have weighed in Defendant's favor under the *Barker* analysis. [DS 8] While it is true that we have held "pro forma motions are generally afforded relatively little weight in this analysis," *Urban*, 2004-NMSC-007, ¶ 16, in this case, Defendant asserted her right to a speedy trial on multiple occasions, including: a pretrial conference in magistrate court, a waiver of arraignment in district court, a motion to dismiss for violation of six-month rule, and the filing of a motion to dismiss for speedy trial violations. [RP 63-66, 79-80, 83] Defendant also appears to have objected to an extension of time on

at least two occasions. [RP 79] We do not agree with the State that these assertions were simply perfunctory. [MIO 9] We hold Defendant's assertions of her right to a speedy trial were sufficient to weigh at least slightly against the State under a *Barker* analysis.

**D.    Prejudice to Defendant**

The right to a speedy trial is intended to prevent or minimize three types of prejudice: (1) an oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility of impairment to the defense. *Zurla*, 109 N.M. at 644, 789 P.2d at 592. The third factor is not at issue in this case, insofar as Defendant does not appear to have articulated a specific basis for any claim that the defense was impaired.

As to the first factor, Defendant was not incarcerated pending the trial. She was, however, apparently subject to conditions of release which the district court found prejudiced Defendant. [DS 6; RP 96] We have previously held conditions of release which limit movement and constitutional rights may be considered when weighing prejudice to the defendant. *See, e.g.*, *Marquez,* 2001-NMCA-062, ¶ 24.

The State argues the district court's reliance on special conditions was "erroneous," and that the conditions were not "extraordinary." [DS 6; MIO 10] The existence of the special conditions of release is a factual matter; we defer to the district

court on factual matters. *Urban*, 2004-NMSC-007, ¶ 11. Moreover, the record proper appears to validate the district court's finding in that it suggests Defendant was at least prohibited from: leaving the jurisdiction of the court, consuming any alcoholic beverages or non-prescription drugs, driving without a valid license, possessing any firearms, entering any establishments that sells liquor, and leaving Doña Ana county without permission. [See RP 37-39]

Defendant also apparently testified she had suffered stress and anxiety. [DS 18] The extent of Defendant's stress and anxiety is somewhat unclear from the docketing statement, record proper, and memorandum in opposition. It appears Defendant testified that, due to anxiety and looming trial dates, she lost her job of five years, lost her best friend, and visited numerous counselors. We agree with the State that this testimony, on its own, would likely be insufficient to constitute undue prejudice. *See Plouse,* 2003-NMCA-048, ¶ 53, (explaining that some anxiety and concern usually result when a person awaits trial). But, coupled with the district court's finding on prejudice resulting from the conditions of release, we hold Defendant has sufficiently demonstrated prejudice, so as to weigh slightly in her favor under a *Barker* analysis.

The above factors are balanced in the context of the policy that supports the enforcement of the speedy trial right. *Maddox,* 2008-NMSC-062, ¶ 36. These four

factors have no "talismanic qualities" where one factor would constitute either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial. *Id.*; *Zurla*, 109 N.M. at 642, 789 P.2d at 590. In the case at hand, all of the factors weigh at least slightly in Defendant's favor. We therefore see no reason to disturb the district court's findings or dismissal.

Accordingly, we affirm the district court's dismissal.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**